An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JAVIER MERLIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60047



FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Javier Merlin's post-conviction motion to withdraw his guilty plea. First Judicial District Court, Carson City; James Todd Russell, Judge.

Merlin contends that the district court erred by denying his motion because it incorrectly concluded that (a) laches barred the consideration of the motion on its merits; (b) the Supreme Court's holding in Padilla v. Kentucky, 559 U.S. ___, 130 S. Ct. 1473 (2010), does not apply retroactively; (c) counsel was not deficient for failing to inform him of the immigration consequences of his plea; and (d) he failed to demonstrate prejudice.

We presume the district court correctly assessed the validity of a plea on a motion to withdraw the plea and will not reverse its decision absent an abuse of discretion. Molina v. State, 120 Nev. 185, 191, 87 P.3d 533, 538 (2004). When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04684

Even assuming, without deciding, that laches did not bar consideration of his motion on its merits and Padilla applies retroactively, we conclude that Merlin is not entitled to relief. We agree that the district court erred by concluding that Merlin was not prejudiced by any deficient performance because he has "not yet suffered any adverse immigration consequences as a result of his plea." See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (prejudice inquiry where defendant entered a guilty plea focuses on whether he demonstrates "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"); see also Strickland v. Washington, 466 U.S. 668, 694 (1984). The district court also determined, however, that Merlin did not demonstrate prejudice because it would not have been rational for him to reject the plea bargain under the circumstances. See Padilla, 559 U.S. at ___, 130 S. Ct. at 1485. The district court noted that the original charge was supported by strong evidence and carried a mandatory prison sentence of 2-15 years, while the negotiated charge carried a prison term of 1-6 years with the possibility of probation. Merlin does not assert that the district court's factual findings are not supported by substantial evidence or are clearly erroneous, and fails to demonstrate that the district court erred as a matter of law. Accordingly, we conclude that Merlin fails to demonstrate that the district court abused its discretion by denying his motion to withdraw, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

2

cc:     Hon. James Todd Russell, District Judge
        Ian E. Silverberg
        Attorney General/Carson City
        Carson City District Attorney
        Carson City Clerk